
**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**John T. TRIBELL, Respondent.**

No. SC–229–KB.

Supreme Court of Kentucky.

Aug. 19, 1977.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Frankfort, for movant.

Daniel J. Tribell, Middlesboro, for respondent.

## ORDER AND OPINION

PER CURIAM.

Respondent was adjudged guilty of unprofessional conduct and disbarred from the practice of law in this Commonwealth. *Kentucky Bar Association v. Tribell*, Ky., 503 S.W.2d 484 (1972).

On April 19, 1977, the Kentucky Bar Association filed a motion asking that respondent be held in contempt of this court for allegedly engaging in the practice of law. An order was entered directing this respondent to show cause why he should not be punished for contempt. Respondent denies the charge and states that he has not practiced law since January 9, 1973, which was prior to his disbarment.

The acts which allegedly constitute the practice of law are the preparation of nine deeds and one affidavit of descent. Respondent admits preparing each of them, but he contends that he and George F. Tuttle are partners in the purchasing of the three parcels of land which are described in each deed and which came from the James H. and Elizabeth Crawford estate. He contends that since he is part owner of the lands, it is not improper for him to prepare these documents. We are not moved with the same degree of certainty as is the respondent—that he was not engaged in the practice of law.

The practice of law is defined by RCA 3.020, as follows:

"The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instru-

ment to which he is a party without consideration unto himself therefor."

If respondent is a partner with George F. Tuttle, it is not made manifest by any written instrument filed in the record. Certainly respondent is too intelligent a person to enter into such an undertaking without a writing which evidences the agreement, if nothing more than just a memorandum written on a paper bag.

Each deed reflects the payment of a specific sum of money; however, there is nothing in the record to disclose who paid the purchase price or if any was paid, other than the deeds each reflect that the purchase price, ranging from $100,000 to $300,000, was paid in cash. The total sum of money stated in the deeds to have been paid is $1,631. Was this paid by respondent or by someone else? Has respondent paid any part of the purchase price? Certainly respondent, if he did pay any of the purchase price, would have a receipt, since he advises this court that he has no bank account in any bank. No receipt or evidence of payment by respondent has been filed.

The "Response to Motion for Contempt Order" is accompanied by five affidavits, including one from the Honorable W. R. Knuckles, former judge of the Bell Circuit Court. These affidavits, in some particulars, tend to substantiate respondent's contentions. We are not persuaded, however, that respondent's conduct does not constitute the practice of law.

Admittedly, respondent's interest, if any, was secret and was not disclosed to the sellers. Of the nine deeds, seven showed Irene Tuttle Crawford as the purchaser and the remaining two showed George F. Tuttle and his wife as the purchasers. Respondent's name does not appear in any of the deeds as a purchaser. It only appears as the scrivener.

This is an onerous task that we are called upon to perform. We dislike the undertaking, as well as the result which is forced upon us. But like it or dislike it, we are reminded that "the moving finger writes and, having writ, moves on." So, let it be with respondent.

He is guilty of the unauthorized practice of law in violation of RCA 3.020, fined $100, and ordered to pay the costs of these proceedings.

All concur.